IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY RYAN GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 23-009-RAW-GLJ |
| | ) |
| RANDY HARDING, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 as time barred and unexhausted. (Dkt. 11). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma.

**I.     Petitioner's Claims**

Petitioner is attacking the execution of his two concurrent sentences in Muskogee County District Court (MCDC) Case No. CF-2017-540 for two counts of Burglary in the Second Degree. He sets forth the following grounds for relief:

> Claim One: Ask the Court to reinstate fifteen (15) year suspended sentence after new charges were dismissed and no violation of probation was committed.
>
> Claim Two: First time violation of probation without conviction of a new charge is a "technical violation. Six (6) months maximum can only be revoked.
>
> Claim Three: Request the Court to reinstate or modify Petitioner's fifteen (15) year suspended sentence because no new charges were committed, i [sic] a motion to dismiss November 2020. New charges were dismissed but suspended sentence was not reinstated June 30, 2022.
>
> Claim Four: Lack of jurisdiction (1866 treaty with the Muskogee/Creek Nation). Native Americans cannot be prosecuted by State of Oklahoma when alleged crimes have been committed on Indian Land, 18 U.S.C.A. § 1152.

(Dkt. 1 at 5-10).

## II.   Procedural History

The following dates are pertinent to Respondent's motion to dismiss the petition as barred by the statute of limitations:

**September 6, 2019:**   Petitioner entered guilty pleas to the two counts in MCDC Case No. CF-2017-540. (Dkt. 12-1). On that same date, his Judgment and Sentence was entered in that case, and he was sentenced to two concurrent, 15-year suspended sentences. *Id.* Petitioner also signed the Rules and Conditions of supervised probation. (Dkt. 12-3 at 7).

**September 16, 2019:**   Petitioner's Judgment and Sentence became final ten days after it was entered, became he did not move to withdraw his pleas. *See* Dkt. 12-3, MCDC Docket Sheet for Case No. CF-2017-540 at 7.

**April 2, 2020:**   The State of Oklahoma filed an application to revoke Petitioner's suspended sentences, based on his commission of three new felonies--two counts of Second Degree Burglary and one count of Conjoint Robbery--as alleged in MCDC Case No. CF-2020-251. (Dkt.12-4).

**June 15, 2020:**   The MCDC conducted a revocation hearing and revoked Petitioner's 15-year suspended sentences in full. (Dkt. 12-2). Petitioner did not perfect an appeal to the Oklahoma Court of Criminal Appeals (OCCA).

**June 25, 2020:**   The MCDC's Order Revoking Suspended Sentence became final, because Petitioner failed to timely perfect an appeal to the OCCA within ten days of the date the MCDC announced its revocation decision. *See Pitts v. State*, 78 P.3d 551, 553 (Okl. Cr. 2003); Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2020)

**June 26, 2020:**   Petitioner's one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) began to run.

**November 25, 2020:**   Petitioner filed a motion to dismiss in MCDC Case Nos. CF-2017-540 and CF-2020-251, vaguely claiming the State lacked jurisdiction to prosecute these matters under *McGirt v. Oklahoma,* 591 U.S. __, 140 S. Ct. 2452 (2020), because the victim is a member of the Creek/Cherokee Nation, and these crimes occurred on the Creek reservation. (Dkt. 12-6).

**April 5, 2021:**   The MCDC dismissed Case No. CF-2020-251 for lack of jurisdiction, based upon findings that the victim in this matter "has a certain degree of 'Indian' blood and was an enrolled member of a federally recognized tribe at the time the allegations occurred . . . on the Muscogee (Creek) reservation." (Dkt. 12-7).

**April 23, 2021:** Petitioner filed an application for post-conviction relief in MCDC Case No. CF-2017-540, raising a *McGirt* claim and referencing the MCDC's April 5, 2021, Order dismissing CF-2020-251. (Dkt. 12-8). At this point 301 days of the one-year limitation period had run.

**September 23, 2021:** While the post-conviction application was pending in the MCDC, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court's Case No. 21-CV-301-JFH-KEW. (Dkt. 12-9 at 3).

**October 1, 2021:** While Petitioner's post-conviction application and first habeas corpus petition still were pending, Petitioner filed a "Combined Opening Brief and Application for Appealability" in MCDC Case No. CF-2017-540, using a Tenth Circuit form. The document raised subject-matter jurisdiction claims presented in his April 23, 2021, application for post-conviction relief. (Dkt. 12-10).

**June 30, 2022:** Petitioner filed an "application to re-instate suspended sentence or modification of sentence" in MCDC Case No. CF-2017-540. He alleged that because the charges serving as the basis for revocation were dismissed pursuant to *McGirt*, "re-instatement of the suspended sentence or modification of sentence would be appropriate in this case." (Dkt. 12-11).

**July 18, 2022:** The State filed an objection to Petitioner's June 30, 2022, application construing the application as a request for judicial review and sentence modification. The State alleged Petitioner was ineligible for relief under to Okla. Stat. tit. 22, § 982a(A)(3). (Dkt. 12-12).[1]

**July 21, 2022:** The MCDC denied Petitioner's request for judicial review in Case No. CF-2017-540. Petitioner was not eligible for relief under Okla. Stat. tit. 22, § 982a, because he had been incarcerated within the previous ten years. (Dkt. 12-14 at 1).

Also on this date, the MCDC denied Petitioner's application for post-conviction relief in Case No. CF-2017-540, based on *State ex rel. Wallace*, 497 P.3d 626 (Okla. Crim. App. 2021), *cert. denied*, 142 S. Ct. 757 (2022). The MCDC found that *McGirt* was inapplicable to Petitioner's case, because his conviction was final prior to the July 9, 2020 *McGirt* decision. (Dkt. 12-13).

**July 29, 2022:** Petitioner filed a response to the State's objection to his request for sentence modification in MCDC Case No. CF-2017-540, arguing that his federal and state constitutional rights to due process and equal protection were violated. He asserted that because Oklahoma lacked jurisdiction under *McGirt* to arrest him in MCDC Case No. CF-2020-251, his suspended sentence should not have been revoked in full. He also complained that he was not afforded a hearing on the

---

[1] Section 982a states in pertinent part that: "This section shall not apply to convicted felons who have been in confinement in any state or federal prison system for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed." Okla. Stat. tit. 22, § 982a(A)(3).

3

revocation of his suspended sentence. He asks the MCDC to reinstate his suspended sentence. (Dkt. 12-15).

**August 3, 2022:** Petitioner filed a notice of intent to appeal the MCDC's denial of post-conviction relief and designation of the record to the OCCA in MCDC Case No. CF-2017-540. (Dkt. 12-16).

**August 23, 2022:** Petitioner filed a petition in error in OCCA Case No. PC-2022-723, requesting the OCCA to "vacate the District Court's order denying relief and remand with instructions to make findings of fact and conclusions of law." In the alternative, Petitioner asked the OCCA to remand [with] instructions to reverse the District Court's decision per *McGirt v. Oklahoma* or to remand to the MCDC with instructions to reinstate Petitioner's suspended sentence . . . ." (Dkt. 12-17).

**September 16, 2022:** Petitioner filed a brief in support of post-conviction relief in OCCA Case No. PC-2022-723, claiming that "18 U.S.C.A. §§ 1152, 1153, and 1162 are not 'new rules,'" and the federal government had exclusive jurisdiction over MCDC Case No. CF-2017-540. (Dkt. 12-18).

**September 26, 2022:** the OCCA affirmed the MCDC's denial of post-conviction relief in Case No. PC-2022-723 based on *Wallace*. The OCCA found that because Petitioner's convictions in CF-2017-540 were final before the *McGirt* decision, *McGirt* did not apply to his case. (Dkt. 12-19).

**September 27, 2022:** Petitioner's statute of limitations resumed on this date, and he had 64 days remaining to file a habeas corpus petition.

**September 30, 2022:** Petitioner's habeas corpus petition in this Court's Case No. 21-CV-301-JFH-KEW was dismissed as time barred, and he was denied a certificate of appealability. (Dkt. 12-9).

**November 30, 2022:** As explained below, Petitioner's AEDPA deadline expired on this date.

**December 28, 2022:** Petitioner mailed the present petition for a writ of habeas corpus. (Dkt. 1 at 14).

### III.   Statute of Limitations

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the AEDPA:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Because Petitioner is attacking the order revoking his suspended sentences, he had one year from the date the revocation order became final to file for habeas relief. 28 U.S.C. § 2244(d)(1)(A). *See e.g, Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011). As noted above, the order revoking Petitioner's suspended sentences in full was entered on June 15, 2020. (Dkt. 12-2). It became final on June 25, 2020, when the period for timely perfecting an appeal to the OCCA for MCDC Case No. CF-2017-540 to the OCCA expired. *See* Rule 1.2(D)(4), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2011)). the AEDPA statute of limitations began to run the following day, June 26, 2020, and, absent statutory tolling, would have expired one year

later on June 28, 2021.[2]  *Cf. Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the one-year statute of limitations begins to run the day after the judgment and sentence is final); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003) ("[W]hen a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the relevant act.").

### A.     Statutory Tolling

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003). An application for collateral review is properly filed within the meaning of 28 U.S.C. § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

#### 1.     Application for Post-Conviction Relief

On April 23, 2021, Petitioner filed an application for post-conviction relief in the MCDC. (Dkt. 12-8).  The application was not initiated until 301 days of Petitioner's one-year limitations period had expired, therefore, he had 64 days remaining, or until November 30, 2022, in which to timely file for habeas relief.  *See* 28 U.S.C. § 2244(d)(1)(A), (d)(2).  Even with the benefit of statutory tolling from April 23, 2021, to September 26, 2022, this habeas petition--placed in the prison mail on December 28, 2022--was untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

---

[2] *See* Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure (extending deadlines until the next day when the day of the deadline is a Sunday).

### 2.     Request for Judicial Review and Sentence Modification

On June 30, 2022, Petitioner filed in MCDC Case No. CF-2017-540 an application that was construed as a request for judicial review and sentence modification pursuant to Okla. Stat. tit. 22, § 982a. (Dkts. 12-11, 12-12). On July 21, 2022, the MCDC denied the application. (Dkt. (Dkt. 12-13).

While the issue of whether a request for judicial review under Okla. Stat. tit. 22, § 982a, is a motion for "collateral review" for purposes of § 2244(d)(2) is unresolved in the Tenth Circuit, *Watie v. Aldridge*, No. CIV 16-117-RAW-KEW, 2017 WL 499967, at *2 (E.D. Okla. Feb. 7, 2017) (unpublished), it is not necessary to decide that issue in this case. Because the request for judicial review was pending at the same time Petitioner's application for post-conviction relief was pending, there can be no additional tolling for the motion for judicial review.

### 3.     First Petition for Writ of Habeas Corpus

While Petitioner's post-conviction application was pending in the MCDC, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court's Case No. 21-CV-301-JFH-KEW. (Dkt. 12-9 at 3). The petition was dismissed as time barred on September 30, 2022, and Petitioner was denied a certificate of appealability. (Dkt. 12-9).

The pendency of Petitioner's prior federal habeas action did not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). Although his first federal habeas petition was filed within the statutory year, there is no tolling. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 172-82) (2001)).

### B.     Equitable Tolling

Petitioner carries the burden of establishing equitable tolling. *Yang v. Archuleta*, 525 F.3d

925, 929 (10th Cir. 2008). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). Because Petitioner has failed to allege or argue equitable tolling, he is not entitled to this relief.

### C.     Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" and have his constitutional claims considered on the merits despite "expiration of the [AEDPA] statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In so holding, however, the Court cautioned that "tenable actual innocence gateway pleas are rare," and that a habeas petitioner "does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citations omitted).

Here, Petitioner does not invoke the actual innocence exception, let alone offer any evidence, or allege bad faith in the State's prosecution of him. Therefore, he has failed to meet his burden for the *McQuiggin* gateway to overcome his untimely filing. *See Pacheco v. Habti*, 62 F. 4th 1233, 1245 (10th Cir. 2023) ("Nor are there any particular equities favoring [the petitioner] in this case.

### IV.    Conclusion

As set forth above, this habeas corpus petition is untimely and must be dismissed. Because the petition should be dismissed as untimely, the Court does not reach Respondent's argument concerning Petitioner's alleged failure to exhaust his state remedies.

### V.     Certificate of Appealability

The Court further finds Petitioner has failed to make a "substantial showing of the denial of

a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as time barred (Dkt. 11) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 27th day of February 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE